**SUN YING YE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General of the United States,
Respondent.**

No. 05–2887–ag.

United States Court of Appeals,
Second Circuit.

March 14, 2007.

Yee Ling Poon, Robert Duk–Hwan Kim, New York, New York, for Petitioner.

Terrance P. Flynn, United States Attorney, Gail Y. Mitchell, Assistant United States Attorney for the Western District of New York, Buffalo, New York, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Sun Ying Ye, a native and citizen of the People's Republic of China, seeks review of a March 6, 2003 order of the BIA affirming the July 18, 2000 decision of Immigration Judge ("IJ") Sandy Hom, denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Sun Ying Ye*, No. A76 505 628 (B.I.A. Mar. 6, 2003), *aff'g* No. A76 505 628 (Immig. Ct. N.Y. City Jul. 18, 2000). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing

an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004). But *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 340 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003); *see, e.g., Latifi v. Gonzales*, 430 F.3d 103, 105 (2d Cir. 2005) (overturning adverse credibility determination because, among other errors, the IJ failed to identify specific inconsistencies on which determination was based).

■ As an initial matter, Ye's withholding of removal and CAT claims are dismissed for lack of jurisdiction, because he failed to exhaust them before the BIA pursuant to 8 U.S.C. § 1252(d)(1). *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006).

■ As to Ye's religious persecution claim, the IJ divided it into one imputed claim based on his brother's persecution and one direct persecution claim. It is doubtful whether Ye intended to make an imputed claim in the first place. Rather, it seems that Ye raised his brother's persecution merely to provide support for his own religious persecution claim. Ye did not directly allege that authorities targeted him because of his brother's beliefs. None of Ye's briefs alleged a claim of imputed persecution before the BIA or this Court. Consequently, we review only Ye's direct religious persecution claim.

■ The IJ determined that Ye was not credible with regard to his direct claim of religious persecution. However, the IJ's findings are based on flawed reasoning, and should not have formed the basis for his adverse credibility determination. The IJ improperly found that Ye's testimony about when he was arrested was inconsistent and vague. Tool room the basis of an adverse credibility determination, an inconsistency must be "substantial" when measured against the record as a whole. *See Secaida–Rosales*, 331 F.3d at 308–09; *Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006). If an inconsistency is not dramatic, the agency may not rest an adverse credibility finding on it without first giving the applicant a chance to reconcile the testimony. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir.2006); *Zhi Wei Pang v. BCIS*, 448 F.3d 102, 109–10 (2d Cir.2006).

Here, on cross-examination, Ye testified that he was arrested in 1992. However, consistent with his asylum application, he had testified on direct examination that he was arrested in 1999. When given the opportunity to reconcile his testimony about his 1992 arrest, he answered that he meant that it was his brother who was arrested at that time.

The IJ was not required to parse or refute on the record each of Ye's explanations for testimonial inconsistencies, *Xiao Ji Chen*, 471 F.3d at 336 n. 17, but he was required to take into account significant factual assertions that Ye offered, and to provide a reasoned analysis of those assertions. *Cao He Lin*, 428 F.3d at 403. His failure to do so, and to consider Ye's consistent testimony on direct examination, is significant, as he should have evaluated Ye's inconsistency against the whole record. *Secaida–Rosales*, 331 F.3d at 308–09; *Cao He Lin*, 428 F.3d at 400. As a result, the IJ's inconsistency finding was flawed. *Pavlova*, 441 F.3d at 90 ("... [W]here it is not apparent on the face of the record that the IJ has considered the applicant's responses to the IJ's credibility concerns, we do require the IJ to say enough to allow us to understand, and to review, the reasons for rejecting the applicant's testimony.").

■ Furthermore, the IJ failed to specify what portions of Ye's testimony lacked specificity or were inconsistent. *Latifi*, 430 F.3d at 105 (overturning adverse credibility determination because, among other errors, the IJ failed to identify specific inconsistencies on which determination was based). If the IJ found Ye's testimony too vague, he should have "probe[d] for incidental details" to "draw out inconsistencies that would support a finding of lack of credibility." *Id.* at 123; *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 114 (2d Cir.2005).

■ The IJ also failed to determine whether Ye testified credibly to being Christian, and whether he had a well-founded fear of future persecution in China as a Christian. While the IJ found that Ye was not credible regarding his claim of past persecution as a Christian, Ye also claims that he will be persecuted on account of his Christianity if he is returned to China. Ye's testimony, as well as documents in the record, attest to his Christianity. Therefore, we remand this case for the agency to determine whether he merits asylum on the basis of being a Christian who faces likely future persecution.

■ As to Ye's family planning claim, the IJ found Ye's testimony that his wife was forcibly aborted in 1992 inconsistent with his claim that he was sought by the government for arrest in 1992 because of his brother's religious practices. The IJ assumed that the government agency that enforced the family planning policies was the Same as that which wanted to arrest him for being at Christian. Because that assumption lacks record support, it was speculative and, therefore, insufficient to support the IJ's adverse credibility determination. *Cao He Lin*, 428 F.3d at 405 (absent record evidence of practices in foreign countries, the IJ must not speculate as to the existence or nature of such practices).

The IJ's finding that Ye testified that "he was not seen by the cadres or the officials" when they took his wife for an abortion was an improper misstatement of Ye's testimony. *Tian–Yong Chen*, 359 F.3d at 127; *Alvarado–Carillo v. INS*, 251 F.3d 44, 50 (2d Cir.2001). A review of the transcript indicates Ye's testimony to mean that the authorities did not see him *at the time of his wife's abortion*, not at the time of the forcible taking of his wife, as the IJ alleges.

■ Furthermore, while the IJ admitted the letter from his wife and the Birth Control Certificate into evidence, he failed to consider them in making his specific findings. Both these documents are material and substantial to Ye's claims of persecution because they reinforce Ye's assertions that his wife had undergone an

abortion and forced IUD insertion. Indeed, the Birth Control Certificate documents that his wife had an IUD insertion in May 1992. While this Court generally presumes "that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise," *Xiao Ji Chen*, 471 F.3d at 336 n. 17, the IJ's failure even to address Ye's past persecution claim based on his wife's IUD insertion "compellingly suggests" that the IJ did not evaluate it at all.

Because the IJ's adverse credibility finding rests on flawed reasoning and we cannot confidently predict that the agency would adhere to the decision if the case were remanded, we vacate the agency's denial of Ye's application for asylum and remand the case for a reconsideration of that claim.

For the foregoing reasons, the petition for review is GRANTED in part and DISMISSED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DISMISSED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).